IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRENCE WHITAKER,

                        Plaintiff,                          OPINION AND ORDER

        v.                                                  18-cv-1068-wmc

ANTHONY BROADBENT
and ADAM ZEMLICKA,

                        Defendants.

        *Pro se* plaintiff Terrence Whitaker was granted leave to pursue claims under the United States Constitution allegedly arising out of an unlawful physical search and retaliation when he complained about that search.  With this case set for trial on August 10, 2020, in advance of the final pretrial conference to be held on July 31, 2020, the court issues the following opinion and order on the parties' respective motions *in limine* and on related matters.

OPINION

## I.  Plaintiff's Motions *in Limine*

### A.  MIL No. 1: Permit street clothes and hidden restraints

        In his first motion, plaintiff seeks to appear in civilian clothes at trial and without restraints or, in the alternative, to be held in restraints that are not visible to the jury and that do not restrict his hands.  (Dkt. #42.)  In their response, defendants do not oppose plaintiff's request to appear in civilian clothes, nor do they oppose his appearing in restraints not visible to the jury.  Instead, defendants request that plaintiff wear a "bandit" under his clothing to address the Department of Corrections' security concerns.  (Dkt.

#45.)

Consistent with this court's regular practice, therefore, this motion is GRANTED IN PART AND DENIED IN PART.  As the court explained in its trial preparation order, plaintiff may wear street clothes, but it is his responsibility to arrange for delivery of those clothes.  (4/6/20 Order (dkt. #27) 15.)  As for restraints, the court will grant his request to appeal without any visible restraints, while allowing the DOC to apply a stun belt concealed under his clothing.

## B.  MIL No. 2: Bar evidence and testimony re: criminal history and prison disciplinary history

Next, plaintiff seeks an order excluding all evidence of his criminal history and prison disciplinary history.  (Dkt. #43.)  While plaintiff's felony convictions are normally admissible to impeach under Federal Rule of Evidence 609, plaintiff argues that this criminal history should be excluded because its probative value for the purpose of attacking his character is substantially outweighed by its potential prejudice under Rule 403. Plaintiff offers no argument specific to his prison disciplinary history, but the court assumes his objections is under both Rule 609 and 403.

In response, defendants do not oppose the motion, except they confusingly reserve their right to present evidence "for impeachment purposes" under Rule 608(a), which is for reputation or opinion evidence.  Moreover, defendants stop short of explaining how evidence of plaintiff's criminal history falls under this rule.  As for plaintiff's prison disciplinary history, defendants also do not oppose this portion of the motion, other than to note that Conduct Report #3105624, which serves as the basis of plaintiff's First

Amendment retaliation claim against defendant Broadbent, will obviously be introduced.

Accordingly, this motion will be GRANTED IN PART, DENIED IN PART AND RESERVED IN PART.  Plaintiff's criminal history is excluded, but without prejudice to defendants proffering specific proof as to whether the relevance of plaintiff's felony convictions outweighs any unfair prejudice.  As for the disciplinary history, evidence of all disciplinary action is excluded, except for the conduct report and related proceedings forming the basis of plaintiff's retaliation claim.

### C. MIL No. 3: Permit testimony of two fellow inmates

Next, plaintiff filed a "notice to produce witnesses," which the court will treat as a petition for issuance of writs of habeas corpus ad testificandum.  Specifically, plaintiff seeks the testimony of two fellow inmates, Jimmy Riley, Jr., and Ernest Wilson.  In his own declaration, plaintiff represents that both of these proposed witnesses have agreed to testify and attend the trial voluntarily.  (Whitaker Decl. (dkt. #41) ¶ 1.)  That representation is further supported by the fact that both previously completed declarations describing defendant Zemlicka's pat down search of plaintiff in support of his Eighth Amendment claim.  (Riley Decl. (dkt. #24); Wilson Decl. (dkt. #25).)  In response, defendants do not object to plaintiff's proposed witnesses, but request that due to the ongoing COVID-19 pandemic, these individuals appear via video rather than in person.

Defendants' proposal appears reasonable from the court's perspective.  As a means to further address health concerns, as well as ensure parity between the parties, the court would similarly expect any other witnesses who are employed by the DOC at WSPF to also appear by video, except for the defendants themselves.  Regardless, the court will

address this matter further at the final pretrial conference.  In the meantime, plaintiff's request to call Riley and Wilson as witnesses is GRANTED, although the court will RESERVE on whether to issue writs, pending confirmation that the testimony will be provided via video conference.

## II. Defendant's Motions *in Limine*

### A. MIL No. 1: Preclude evidence about Zemlicka's searches of other inmates and reputation

Defendants' first motion seeks to exclude any evidence that Zemlicka conducted inappropriate pat searches of other inmates or that he had a reputation for conducting inappropriate searches.  (Dkt. #30.)  Defendants argue that this evidence is not admissible under Federal Rule of Evidence 404(b), which provides in pertinent part:

> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Seventh Circuit has explained that in determining the application of this rule, the court should consider the following test:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount

4

> of evidence for the factfinder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2001).

Unfortunately, plaintiff did not respond to this motion in writing, so the court has no means to know whether plaintiff even intends to offer such evidence and, if so, whether this evidence is admissible for some permissible use or is being offered to show propensity. While it is not clear why plaintiff failed to oppose defendants' motions in limine, the court would prefer to give plaintiff an opportunity to respond before ruling on this motion. As such, this motion is RESERVED pending further argument at the final pretrial conference.

## B.  MIL No. 2: Limit potential compensatory damages to $1

Defendants also seek an order limiting plaintiff's potential compensatory damages award to $1 on the basis that plaintiff cannot show a physical injury to support such an award under 42 U.S.C. § 1997e(e). That statute provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

More tellingly, defendants' quotation of the above statute in their motion stops at "physical injury," failing to include the remainder of the sentence permitting damages upon proof of "the commission of a sexual act (as defined in section 2246 of title 18)." In turn, 18 U.S.C. § 2246 defines sexual act as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact

5

involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

Here, plaintiff alleges that Zemlicka "aggressively use[d] his open cupped hand [to] go over, grab and squeeze both his penis and testicles." (Compl. (dkt. #1) ¶ 2.) Based on this allegation alone, there is at least an argument for finding this alleged conduct fits within the definition of subpart C, depending on what is meant by "penetration" and "genital opening."

Given defendants' failure to even address this portion of the statute, much less its possible application, coupled with plaintiff's failure to respond to defendants' motion, the court will also RESERVE on this motion pending further argument at the final pretrial conference.

ORDER

IT IS ORDERED that:

1) Plaintiff Terrence Whitaker's motion in limine no. 1 (dkt. #42) is GRANTED IN PART AND DENIED IN PART.

2) Plaintiff's motion in limine no. 2 (dkt. #43) is GRANTED IN PART, DENIED IN PART AND RESERVED IN PART.

3) Plaintiff's petition for issuance of writs (dkt. #40) is GRANTED IN PART AND RESERVED IN PART.

4) Defendants' motions in limine (dkt. #30) are both RESERVED.

Entered this 27th day of July, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7